### No. 373

### McINTIRE SUPPLY CO. v. Z. & WEST RY. CO.

No. 19595. Supreme Court

On motion to certify. Dock. Jan. 23, 1926; 4 Abs. 88.

**313. CORPORATIONS—In view of Sections 11273 and 8814 GC. where may a Railway Company be sued in an action on contract and an action in tort?**

This action originated in the Franklin Common Pleas wherein the McIntire Coal and Builders Supply Co. sued the Zanesville and Western Railway Co. for damages for an alleged breach of contract.

It appears that several contracts were entered into between the parties wherein the Railway Co. for a certain consideration, agreed to construct and maintain a spur to the Supply Co.'s place of business and to furnish cars for its business needs. This action was brought as a result of the breach of this contract by the Railway Co. The breach complained of was the Railway Co.'s refusal to maintain the spurs and to furnish cars. It is alleged that the breach was wilful and malicious and that as a result thereof the Supply Company's business and credit was ruined.

Service was attempted upon the Zanesville Terminal Railroad Co. by serving its agent, at Zanesville, Ohio. This service was quashed and on account of a peculiar operation agreement and the removal of the officers of the Terminal Co. to other states, service upon it could not be had.

The Zanesville and Western Railway Co. owns and operates a certain portion of its railroad in Franklin County, so service of summons was had upon it at Columbus, by serving Edward N. Bennett, Treasurer. The return of the sheriff of Franklin County showed that no other chief officer was found in his baliwick.

It is conceded that the Zanesville and Western Railway Co. was properly served as a corporation, pursuant to 11272 GC., which provides for the service of summons upon corporations, in general.

A motion to quash the service of summons was made by the Railway Co. on the ground that the venue of the cause of action could not be laid in Franklin County, by reason of 11273 GC., which is as follows, as amended under date of April 25, 1921, in 109 OL., p. 81:

"An action against the owner or lessee of a line of mail stages or other coaches, a railroad company, interurban railroad company, suburban railroad company or street railroad

company owning or operating a railroad, interurban railroad or street railroad within the state, or against a transportation company owning or operating an electric traction road located upon either bank of a canal belonging to the state, may be brought in any county through or into which such line, railroad, interurban railroad, street railroad or electric traction railroad, passes or extends; povided that all action against such owner, lessee or company for injuries to person or property, or for wrongful death must be brought in the county in which the cause of action or some part thereof, arose, or in the county in which the claimant for injuries to person or property or one whose wrongful death was caused, resides at the time when the cause of action arose, if the road or line of such owner, lessee or company or any part thereof be located in such county. If no part of such line or road be located in such county, then such actions may be brought in the county in which any part of such road or line is located, nearest the place where the claimant for injuries to person or property or the one whose wrongful death was caused, so resided."

The Franklin Common Pleas sustained the motion to quash and the case was then taken on error to the Court of Appeals, which sustained the ruling of the lower court.

The Supply Company in the Supreme Court contends that this action was not brought for "injuries to person or property" and therefore may be brought in Franklin County and need not be brought in the county in which the cause of action arose.

Attorneys—Huggins & Liggett, for Supply Co.; Vorys, Sater, Seymour & Pease, for Railway Co.; all of Columbus.